Tucker, P.
I am of opinion, that the inquisition in this case, finds, with sufficient certainty, that the health of the neighbourhood will not be annoyed by the erection of the proposed mill dam. In the present universal conviction of the deleterious influence ■of the stagnation of water in mill ponds, it is probable no twelve men could concur in a verdict, declaring .the entire and absolute freedom from such influence of any mill pond whatever. It is moreover scarcely ■probable, that such could have been the meaning and intention of the statute itself. So to interpret the statute, would be at once to repeal it; for it would establish a condition upon the leave to build a mill, that would be impossible, and thus, one of the daily blessings of life would be denied, from the idle apprehension of a remote and often only a casual injury. ¥e should be denied bread, for fear that, in some season or other, the means which gave it to us might bring ill health. This could not be a judicious interpretation of the statute, even if its own terms did not nega *562 tive any such rigorous construction. That it does not,, ]j0weyerj require the absolute impossibility of annoyance-to health to he affirmed, appears from the language of 5th section, that “if none -of these injuries are-like to ensue, the court shall proceed to consider whether, all circumstances weighed, it is reasonable to give leave, and shall give or not give it accordingly.” It is only necessary that the court should be assured by the inquisition, or otherwise, that the health of the neighbours is not likely to be annoyed. This, I think,, is substantially found by this inquisition, which declares, that “it will be less, or as little, annoyed as it is possible to be in the erection of any dam.” This construction of the statute is the less objectionable, as the right of no person to abate the nuisance, (if it shall be one,) or to recover damages for injury to health,, will be barred or impaired by the inquisition of the-jury or the judgment of the court. Bor, no such injury having been foreseen and estimated, a prosecution or an action will lie for any person who shall sustain detriment from the stagnant water in the mill pond. And thus, while the convenience of the public-is consulted on the one hand, no injustice is done to-individuals on the other.
The County Court, then, rightly overruled "Wad— dill’s objection to the inquisition, and refused to quash.. But it erred in refusing to hear the testimony he offered. The' Circuit Superior Court ought for that er- - ror to have reversed the order of the County Court,. but it erred in quashing the inquisition as insufficient and defective. The orders of both courts, therefore,, must be reversed, and the cause remanded to the Cir- - cuit Superior Court, to-be sent back to the County-Court for further proceedings.
The other, judges- concurred, aiid an order was entered to the-following, effect:. That the Circuit Supe *563 rior Court, though right in reversing the order of the County Court, yet erred in quashing the inquisition, therefore the order of the Circuit Superior Court was reversed with costs. And this court proceeding to make such order as the Circuit Superior Court ought to have made, held, that the County Court rightly refused to quash the inquisition, but erred in refusing to permit the introduction of the testimony which was offered by Waddill, therefore the order of the County Court' was also reversed with costs. And it was ordered,, that the cause should be remanded to the Circuit Superior Court, to be thence remanded to the County-Court, and there further proceeded in.
Lyons afterwards moved, that the order of this court should be so varied, that the cause should be remanded to the Circuit Superior Court, to be there fully heard and decided, instead of directing that it should be remanded from thence to the County Court, and the proceedings resumed in that court.
Stanard, J.
delivered the opinion of the court upon the motion: That the former order should be set aside, and an order to the following effect entered in lieu thereof: That the inquisition was sufficient, and the Circuit Superior Court erred in quashing it, and ought to have proceeded to hear and determine the case upon its merits: That the County Court erred in refusing-to hear and decide upon the testimony, offered -by Waddill, to shew that the health of the neighbourhood would be affected by the erection of the mill dam; but, as the appeal from the order of the County Court cai-ried up all matters of law and of fact involved in the case, the proper mode of correcting that error of the County Court by the Circuit Superior Court, was to receive that and all other proper evidence in relation to all matters in controversy, and to *564 give its judgment on the merits; which, it was preBurned, would have been the course of the Circuit Superior Court, if it had decided (as this court thought ^ ought) that the inquisition was sufficient. That, therefore, the order of the Circuit Superior Court should he reversed with costs, and the cause remanded to that court, for a new hearing and decision there upon the merits.
Tucker, P.
I cannot concur in the proposition to set aside the former order, and to enter that now proposed. I am of opinion, that the cause must go hack to the County Court for further proceedings, and that we cannot direct it to be retained in the Circuit Superior Court.
Th.e case stands thus: Smith applied for leave to build a mill. A writ of ad quod damnum was issued, and an inquisition was found, and returned. ’Wad-dill, who opposed the application, moved to quash it, which the County Court refused. He then offered evidence to prove, that the health of the neighbourhood would be injured. The court would not permit •this evidence to he introduced, and he excepted. The ■court then proceeded (without, it seems, hearing any evidence,) to give the leave asked for. Waddill appealed. The judge of the Circuit Superior Court reversed the order of the County Court, not for its refusal to hear the evidence, but because he considered the inquisition defective. And he remanded the cause to. the County Court for further proceedings, setting aside the former proceedings, up to the petition. This ■court has decided that he erred, and that the inquisition was sufficient. But it has also decided that the refusal of the County Court to hear evidence was also erroneous, and thus the orders of both courts must be reversed.
In this state of things, I am of opinion, that the *565 cause should go back to the County Court: 1st. Because it is sufficiently manifest, that the Court has heard the case upon evidence: it excluded the evidence, and Waddill excepted to that exclusion; and therefore, the Circuit Superior Court, in going into the facts, will not be proceeding as an appellate tribunal, hut originally. 2ndly. Waddill has a right to have the judgment of the County Court, upon the facts, that tribunal being peculiarly fitted to judge, from all the circumstances, whether it is advisable to grant or refuse the leave. 3rdly. The statute requires, that in reversing the judgment of the Circuit Superior Court, we shall give such judgment as that court ought to have done; which is easy enough, if we have only to correct the error of law upon the face of the judgment; but if the Circuit Superior Court is to proceed to investigate the facts, it is impossible to say, a priori, what that judgment is ultimately to he or ought to he. 4thly, Pursuing the direction of the statute, the judgment to be entered must he, that the order of the County Court be reversed with costs; and either that the cause should, according to the usual course of the court, be sent back to the court which committed the error sought to he corrected; or it must he sent for further proceedings to the Appellate Court (for such the Circuit Superior Court is in relation to this matter, though it is empowered to examine into the whole cause de novo). How this, I think, would he not only an anomaly, but it would produce difficulty and incongruity. The order of the County Court would be now reversed with costs. Suppose the Circuit Superior Court goes into an examination ot the facts, and finds, upon that enquiry, that it was right to give leave to build the mill; then, upon the whole matter, the order of the County Court is right, and it must he affirmed with costs. Here, then, the same order is first reversed and costs adjudged to Waddill; and then it *566 affirmed and costs adjudged to Smith. These incongrup£es seem to me unavoidable, and I am therefore unwilling to pursue the course which leads to them. ^-° av°ih these consequences (I presume) the order is presented in its present form. It proceeds upon the idea, that the Circuit Superior Court pronounced judgment of reversal prematurely; that there should have been no reversal for the error in law, until the- matter of fact had been enquired into. But this mode of proceeding would have done injustice to "Waddill. The County Court would not hear his evidence on the merits. lie excepted and appealed. Had he not reason? And whether upon a future hearing of the facts he should succeed or not, ought he to pay the costs of an appeal, taken for the purpose of procuring a fair hearing which had been denied by the County Court? I think not. Upon a swpersdeas or appeal from an error in law in a mill case, the party injured is entitled to reversal and costs, if he can shew error, although upon the merits the case may ultimately be decided against him. I think, therefore, the Circuit Superior Court was bound to reverse the order, and send the cause back to the County Court; and if so, this court should render the same judgment.